FILED
2019 Nov-26 AM 09:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WILLEK ABRAHAM BEY EMPEROR ASHER,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**BIRMINGHAM POLICE DEPARTMENT, et al.,**<br><br>    **Defendants.** | Civil Action Number<br>**2:19-cv-00887-AKK** |

## **MEMORANDUM OPINION**

Willek Abraham Bey Emperor Asher, proceeding pro se and *in forma pauperis*, filed this action against the Birmingham Police Department and several other municipal police departments based on allegations that, among other things, the defendants violated his rights by attempting to murder him, unlawfully detaining him, damaging his vehicle, and taking possession of his property. Doc. 1. *See also* doc. 4. The magistrate judge ordered Asher to file an amended complaint that "clearly set[s] forth the facts concerning any incident about which he complains," and specifically identified six categories of facts and allegations that Asher must provide to state a claim for relief. Doc. 4 at 5-6. The magistrate judge also informed Asher that, among other things, municipal police departments do not have the capacity to be sued under Alabama law, diversity jurisdiction appears to be lacking

for this action, and criminal statutes do not provide a private right of action. *Id.* at 4-5. In response to the magistrate judge's order, Asher filed an amended complaint naming five individual defendants, including four police officers and Trussville Municipal Judge Carl E. Chamblee, Jr. Doc. 5.[1] For the reasons discussed below, the court finds that Asher's amended complaint is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

District courts are required to dismiss the complaint of any plaintiff proceeding *in forma pauperis* if the court at any time determines that it (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). In determining whether an *in forma pauperis* complaint is frivolous, the court is not required to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Instead, the court need only view the allegations as "weighted in favor of the plaintiff." *Denton*, 504 U.S. at 32. Pursuant to § 1915(e)(2)(B)(i), the court possesses "'not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce

---

[1] An attachment to the complaint appears to identify a service technician and owner of Vestavia Tire Express as defendants, but Asher does not provide their names or allege that the technician and owner took any actions in violation of his constitutional or statutory rights. *See* doc. 5 at 8-9. Thus, to the extent that Asher asserts claims against these individuals, the claims are due to be dismissed.

2

the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

To begin, the claims against Judge Chamblee arise from Asher's appearance in Trussville Municipal Court, *see* doc. 5 at 9, and because "[a] judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of his court," *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018), these claims are barred by the doctrine of judicial immunity, *see e.g., Mireles v. Waco*, 502 U.S. 9, 9-11 (1991). Therefore, the claims against Judge Chamblee are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).

Next, the amended complaint indicates that diversity of citizenship provides a basis for jurisdiction over the claims against the individual police officers even though all of the parties reside in, and appear to be citizens of, the State of Alabama, which leaves the court without diversity jurisdiction over the claims. Doc. 5 at 1-3. *See also* 28 U.S.C. § 1332(a). With respect to federal question jurisdiction, Asher asserts that jurisdiction exists under a variety of federal criminal statutes, a section of the federal tax code, the Ninth and Tenth Amendments to the Constitution, but none of those statutes or amendments provide a private right of action. Asher also asserts federal question jurisdiction under 42 U.S.C. §§ 1983 and 1985, docs. 5; 5-5

at 6, and the court construes the amended complaint as asserting claims pursuant to §§ 1983 and 1985 for alleged constitutional violations and a related conspiracy.

Even accepting Asher's allegations as true and construing them liberally in his favor, he failed to specifically outline his §§ 1983 and 1985 claims as ordered by the magistrate judge, and he has failed to state a claim for relief. *See* docs. 4 and 5. Indeed, as the magistrate judge noted, "[m]uch of the amended complaint appears to be based on pseudo-legal theories that the plaintiff is not a U.S. Citizen and is instead a Moorish 'sovereign citizen.'" Doc. 6 at 3. *See also* docs. 5; 5-7; 5-8. Such theories are "patently frivolous" and do not support any plausible claim for relief. *Linge v. State of Georgia Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014); *Stoecklin v. Comm'r*, 865 F.2d 1221, 1223-24 (11th Cir. 1989) (citations omitted). In addition, although the magistrate judge informed Asher that he must identify each defendant that he alleges participated in the violation of his rights, doc. 4 at 6, Asher still does not state who allegedly kidnapped him for 76 days, and refused to release him, or identify the six Homewood police officers who allegedly attempted to kill him, used profane language against him, "kidnapped [him] under a false name," and brought false charges against him, doc. 5 at 9. Even if Asher had identified the defendants as ordered, those allegations do not state a claim because they are conclusory, and, as the magistrate judge informed Asher, "naked assertions devoid of further factual enhancement" are not sufficient to state a claim for relief. *See Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). *See also Linge*, 569 F. App'x at 896; doc. 4 at 2-3.

Similarly, most of the allegations against the named defendants are also conclusory and devoid of factual enhancement. *See* doc. 5 at 9-10. First, Asher alleges that Officers Wesley and Guerrero[2] of the Birmingham Police Department, and Officer Gentry of the Vestavia Hills Police Department "[r]acially profiled [him] in [d]isrespect to [his] Constitutional Right to Travel . . . ." Doc. 5 at 9. But, in spite of the magistrate judge's order to do so, doc. 4 at 6, Asher fails to specifically allege what each officer did to violate his rights. Moreover, documents attached to the amended complaint reveal that Asher received tickets from the officers for operating a vehicle without insurance and a license, failing to register his vehicle, or speeding, docs. 5-1; 5-4. And, state laws regulating speed on state highways and roads, or requiring drivers to obtain and carry a driver's license and register their vehicles do not infringe on an individual's constitutional right to travel. *See Hendrick v. State of Maryland*, 235 U.S. 610, 622-23 (1915) (citations omitted); *Snavely v. City of Huntsville*, 785 So. 2d 1162, 1166 (Ala. Crim. App. 2000). Thus, Asher failed to state a plausible claim against Officers Wesley, Guerrero, and Gentry.

As to the claims against Officers Holloway and Smith, documents attached to the amended complaint show that the officers stopped Asher for operating a vehicle

---

[2] Asher does not identify Officer Guerrero as a defendant in this action. *See* doc. 5 at 2-3, 8.

with an improper tag and window tinting, and also charged him with operating the vehicle without insurance or a license, carrying a concealed weapon, resisting arrest, refusing to obey a lawful order, and attempting to elude a law enforcement officer. Doc. 5-2. According to Asher, Officers Holloway and Smith stopped his vehicle while he was travelling with his "Consort Charline," then approached the vehicle in a "very hostile [] manner with weapons drawn and aimed to kill [him] and [his] Consort . . . ." Doc. 5 at 9. Asher further alleges that the officers "assaulted" him and [Charline], "slammed [Charline] to the pavement like an animal, [and] [he] was treated the same," and the officers called for backup and confiscated his vehicle, "where it was ruined and several items were taken." *Id.* As an initial matter, Asher does not have standing to assert claims on behalf of Charline, *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-63 (1992) (discussing elements required to show standing), and his allegation that the officers assaulted him is merely "an unadorned, the-defendant-unlawfully-harmed-me accusation" that does not support a claim for relief, *see Iqbal*, 556 U.S. at 678. In addition, Asher does not identify what the officers did to allegedly try to kill him or ruin his vehicle, or what they took from his vehicle. Doc. 5 at 9. Thus, the only facts that Asher specifically alleges against Officers Holloway and Smith are that they approached his vehicle with weapons drawn, slammed him to the pavement, called for backup, and confiscated his vehicle. *See id*. But, without further factual elaboration, and based on the circumstances of

this case, these allegations are not sufficient to show that Officers Holloway and Smith violated any of Asher's constitutional rights. *See Graham v. Connor*, 490 U.S. 386, 394-96 (1989) (citations omitted); *Huebner v. Bradshaw*, 935 F.3d 1183, 1191 (11th Cir. 2019) (citations omitted).

Because Asher's amended complaint is frivolous, fails to state a claim on which relief may be granted, and seeks monetary relief against a defendant who is immune from suit, this case is due to be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B). A separate order will be issued.

**DONE** the 26th day of November, 2019.

                                          *\[signature\]*
                                          **ABDUL K. KALLON**
                                          UNITED STATES DISTRICT JUDGE